IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KYLE LUNNIN (07),<br><br>　　　　　Defendant. | Case No. 13-40039-07-DDC |

### MEMORANDUM AND ORDER

Defendant Kyle Lunnin has moved to terminate his five-year term of supervised release (TSR) earlier than its scheduled end date. Doc. 340. Neither the United States nor the United States Probation Office opposes the motion. This Order thus grants the motion and terminates Mr. Lunnin's TSR. The court explains its ruling, below.

### Analysis

The governing statute is 18 U.S.C. § 3583(e)(1). It sets a baseline, requiring that the offender complete at least one year of supervision. *Id*. But the statute also directs the court to conduct a more fulsome evaluation beyond that one-year minimum. To grant the motion, the court must satisfy itself that early termination is warranted "by the conduct of the defendant" and that doing so would serve "the interest of justice[.]" *Id*. This same statute also directs the court to evaluate the request by considering most of the sentencing factors in § 3553. *Id*. (cross-referencing factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

Here, to some extent, the nature and circumstances of defendant's conviction disfavor early termination. A jury found him guilty of two charges—one for a drug trafficking conspiracy

(methamphetamine and marijuana) and one for witness tampering threatening physical force against prospective witnesses.  Doc. 172.  The court imposed a substantial sentence, a controlling term of 168 months in prison.  Doc. 222 at 2.  This is a serious case involving substantial convictions.  Also, the court already has reduced components of Mr. Lunnin's sentence substantially.  *See* Doc. 294 (granting motion under 18 U.S.C. § 3582(c)(1)(A)(i) (reducing, in 2020, defendant's sentence to time served)).

But other factors plainly favor terminating the TSR.  As the government acknowledges, defendant has demonstrated significant rehabiliatory progress.  He avoided discipline while in the custody of the Bureau of Prisons.  *See* Doc. 342 at 3 (Gov't's Resp. to Def.'s Mot.).  He has complied with his TSR's conditions throughout it.  *Id.*  As the government puts it, Mr. Lunnin "has done everything necessary to be rewarded with early release . . . ."  *Id.*  Mr. Lunnin's more recent history and characteristics indicate that he has changed, and they suggest a reduced need to protect the public from him or need to continue providing him with correctional care.

After fully considering the applicable factors, the court concludes that early termination "is warranted by the conduct of the defendant . . . and the interest of justice[.]"  § 3583(e)(1).  So, the court grants Mr. Lunnin's motion.

**THEREFORE, THE COURT GRANTS DEFENDANT'S MOTION TO TERMINATE DEFENDANT'S TERM OF SUPERVISED RELEASE (DOC. 340) AND ORDERS** Mr. Lunnin's term of supervised release terminated early, effective with entry of this Order.  This termination shall not displace or otherwise affect any undischarged component of his sentence, if any.

**IT IS SO ORDERED.**

**Dated this 19th day of October, 2022, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**